SAUFLEY, C.J.,
concurring.
[¶ 13] I join the opinion of the Court, and I write separately and respectfully to emphasize my disagreement with the dissent of my esteemed colleague, who concludes that the opinion of the Court changes practice regarding a defendant’s decision to go to trial without counsel. Because I conclude that the Court has done no such thing, and I view this case as being much simpler than does the dissent, I write to clarify the circumstances under which this challenge presents itself to the Court.
[¶ 14] Hill received court-appointed counsel, worked with that counsel, and then, at a docket call, declared that he could no longer work with the attorney and would not accept the attorney’s representation. Counsel, appropriately, withdrew from the representation. Hill then indicated to the court that he did not want substitute appointed counsel. In reminding Hill, at this docket call, that he had the right to court-appointed counsel, the judge made appropriate efforts to assure that Hill had access to an important resource that was available to him.
[¶ 15] The difficulty in this case arose, I believe, as a result of what may have been a gap in the record or a simple misunderstanding among judges. The record available to us contains no information regarding a colloquy with the court at trial related to Hill’s self-representation but rather includes only his preliminary discussion with the judge at the call of the docket. Thus, probably as a result of the timing of the separate events, there never came a point at which a judge made the explicit determination that Hill understood what was necessary to represent himself in a trial. The judge calling the docket likely assumed that, in the absence of a possible admission of guilt and entry of a plea agreement, the ordinary colloquy would occur at jury selection or trial. And the judges selecting the jury and presiding over the trial likely assumed that the colloquy and determination had already occurred. As the Court has today identified this as an issue, the best practice will be for the trial judge to engage in the brief colloquy with the defendant and enter the necessary findings at the earliest time at which the defendant indicates a desire to represent himself at trial. In the future, that should eliminate the problem identified in this case.
[¶ 16] Here, in the absence of a record demonstrating that the defendant had been advised of the pitfalls of self-representation and a finding that he knowingly, voluntarily, and intelligently chose, nonetheless, to go forward to trial without counsel, the Court is left with no choice but to remand for a new trial.
[¶ 17] The dissent’s questioning of the Court’s adherence to its well-established case law requiring that judicial finding is thus puzzling and causes me to note that, had the Court, in fact, abandoned its jurisprudence in this important area of constitutional law, I would join such a dissent. Because the Court has not done so, I remain with the Court.